## HOLTON *v.* HOLTON.[1]

1. DIVORCE—COLLUSION—EVIDENCE IN FORMER SUIT.

   It being the duty of courts to see that no divorce is obtained by collusion between the parties, the circuit judge may, in a suit in which defendant fails to appear, order in evidence, and consider, the pleadings and proofs in a former suit between the same parties, in which a decree was denied.

2. APPEAL—RECORD—OMITTED EVIDENCE.

   Affidavits claimed to have been introduced in the trial court cannot be considered on appeal where they are not made a part of the record.

[1] Rehearing denied September 20, 1898.

Appeal from Gratiot; Daboll, J.   Submitted April 5, 1898.   Decided May 6, 1898.

Bill by Thomas Holton against Mary Holton for a divorce.   From a decree dismissing the bill, complainant appeals.   Affirmed.

*Newel Smith*, for complainant.

*Edwin H. Lyon*, for defendant.

GRANT, C. J.   Complainant filed a bill for divorce, on the ground of desertion.   Defendant did not appear, and an order *pro confesso* was entered.   Proofs were taken in open court, and consisted of the testimony of complainant and one Arnold, a neighbor.   Complainant testified that they were married December 3, 1894; that they lived together seven or eight weeks, when she left him; that she had never returned to live with him; that she left of her own accord; that, immediately after, he requested her to return, and she refused.   Arnold testified that he knew about the time she left; that she had never been back to his knowledge; and that he did not know any of the circumstances surrounding her leaving, or why she left.   After defendant left her husband ( but when does not appear), she filed a bill for divorce against him, charging extreme cruelty.   He answered, and claimed the benefit of a cross-bill.   Proofs were taken, and both bills dismissed.   The presiding judge, Daboll, heard and decided that case.   He ordered in evidence, and considered, the pleadings and proofs in that case in deciding this one, and dismissed the bill.   Complainant appeals.

1. It is insisted that the court had no right to order in evidence, and to take into consideration, the records in the other case.   We think that the court was justified in so doing.   The public are interested in divorce proceedings.   It is the duty of courts to see that there is no collusion between the parties, and to refuse a divorce when satisfied that there is.   It is within the power of the court,

on its own motion, to order other witnesses than those produced by the parties to be subpœnaed and examined, in order that it may ascertain the truth or falsity of the charges upon which a divorce is asked.    Complainant had not the absolute right to have his case submitted on such testimony as he saw fit to introduce.    Complainant had carefully avoided any reference to the circumstances under which his wife left him.    He had fixed the time of her desertion to commence on the occasion when she had charged him with extreme cruelty, for which she claimed the right to a divorce in the former suit.    In that suit both testified, and their testimony is in the present record. They had a quarrel, in which he assaulted her, and struck her with such force as to break her arm.    The judge evidently found that there was blame on the part of both, for he granted a divorce to neither.    From the testimony of both parties given upon that hearing, we think the court was correct in holding that she was not guilty of desertion.

2. Complaint is made that, while all the records of the former suit were introduced, the court below, in making up the record for this court, did not put in all the testimony, but left out certain affidavits alleged in the brief to have been made at the time of the trial of the former case. Counsel has furnished copies of these affidavits.    They appear to be *ex parte*, are not certified to be copies of originals, and there is nothing to indicate that they were introduced or received in evidence in the former case, or that complainant sought to have them, or any more of the testimony, inserted in the record.    If the judge refused to insert material testimony, complainant should have taken the proper steps to have it inserted in the settlement of the case.    We cannot consider them, as they are not a part of the record.

Decree affirmed, with costs.

The other Justices concurred.